UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ELMO M. ISTRE** | **CIVIL ACTION NO. 06-2203-LC** |
| **VS.** | **SECTION P** |
| **JEFFERSON DAVIS SHERIFF'S OFFICE, ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by Elmo Istre on November 15, 2006. Plaintiff names Jefferson Davis Sheriff's Office (Jeff Davis); Jeff Davis Warden Terrie Guillory; Jeff Davis Sheriff Rickey Edwards; and Jeff Davis "jailer" Danny Barry, as defendants herein. At the time he filed his complaint, plaintiff was incarcerated at Jeff Davis, and in this matter he complains of events which are alleged to have occurred while he was incarcerated at that facility. However, plaintiff was subsequently transferred to the West Carroll Detention Center on or about March 23, 2007.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff alleges a myriad of complaints regarding the conditions of confinement at Jeff Davis. Specifically, he claims the following: no running water inside the cells; leaky toilets; no access to law books; improper lighting; lack of dietician for diabetic patients; non-nutritional meals for Muslims; clogged vents; peeling paint in showers and on toilets; no fire extinguishers or emergency exit maps; rust on bars and walls; no window screens to keep bugs out; dust on

tables, bars and walls; cleaning supplies not circulated daily; no change of clothes; no medical staff; no intercom system to use in case of emergency; improper food preparation; opening of legal mail out of the presence of inmates; and, spraying of mace into the cells.

As a result of the incidents alleged above, plaintiff seeks the following injunctive relief: closure of Jeff Davis until it is thoroughly repaired, and the release of each inmate on an "own recognizance" bond.  Plaintiff also seeks compensation for each inmate for the stress/mental anguish caused by living in the above described condition and for enduring inhumane treatment.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations  as  true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II.  42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws

of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

A.     **Request for Injunctive Relief**

Plaintiff's complaint centers around his allegations regarding the conditions of confinement at Jeff Davis. However, as previously stated, plaintiff has been transferred from Jeff Davis to another prison facility. Therefore, his request for injunctive relief (specifically the closure of Jeff Davis until it is thoroughly repaired and the release of the inmates due to the complained of conditions) is moot. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to Jeff Davis would make his claims capable of repetition yet evading review. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975). Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at Jeff Davis. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). At its most lenient, the standard is not "mathematically precise" and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet that standard. Simply put, plaintiff has been transferred from the custody of Jeff Davis and his request for injunctive relief is moot. See, *Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001)(even if plaintiff had established and Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) siting *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991) *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987).

**B.     Request for Compensatory Damages**

Finally, plaintiff's claim for compensatory damages for the alleged stress/mental anguish caused by living in the complained of conditions must likewise fail. Specifically, in order to prevail on this claim, plaintiff must satisfy the "physical injury" requirement which is codified at 42 U.S.C. § 1997e(e). This section provides that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

The "'physical injury' required by § 1997e(e) 'must be more than de minimus, but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)). Plaintiff has not alleged, nor do the claims in his complain support, that he suffered any physical injury as a result of defendants' actions. Therefore, his claim for mental/emotional damages are clearly barred.

4

Accordingly,

**IT IS RECOMMENDED** that plaintiff's claims seeking injunctive relief be **DENIED** and **DISMISSED** as moot.

**IT IS ALSO RECOMMENDED** that plaintiff's claims seeking compensatory damages for alleged civil rights violations be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(I) and (II).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of April, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE